# ARMED SERVICES BOARD OF CONTRACT APPEALS

Petition of --                                )
                                             )
SoCo-Piedmont J.V., LLC                      )        ASBCA No. 59318-946
                                             )
Under Contract No. W912QR-10-C-0082          )

APPEARANCE FOR THE PETITIONER:        Charles W. Surasky, Esq.
                                        Smith, Currie & Hancock LLP
                                        Atlanta, GA

APPEARANCES FOR THE GOVERNMENT:       Thomas H. Gourlay, Jr., Esq.
                                        Engineer Chief Trial Attorney
                                        Deena G. Braunstein, Esq.
                                        Engineer Trial Attorney
                                        U.S. Army Engineer District,
                                        Louisville

## OPINION BY ADMINISTRATIVE JUDGE STEMPLER

SoCo-Piedmont J.V., LLC (SPJV or petitioner) petitions the Board, under Board Rule 1(e), for an order directing the contracting officer (CO) to issue a decision on its 26 February 2014 claim no later than 4 August 2014. In response, the government maintains that the 31 October 2014 date provided by the CO for issuance of her final decision is reasonable. We have jurisdiction over this matter pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109.

## STATEMENT OF FACTS FOR PURPOSES OF THE PETITION

1. On 16 September 2010, the United States Army Corps of Engineers, Louisville District, awarded Contract No. W912QR-10-C-0082 to SPJV in the amount of $10,779,237 for the construction of an Army Reserve Training Center in Winder, Georgia (contract at 1-2).

2. By letter dated 26 February 2014, SPJV submitted a claim seeking $1,919,464.20 and a 160-day extension of time. SPJV's claim was divided into numerous parts, including remission of liquidated damages, alleged improper withholdings, extended field overhead, unabsorbed home office overhead, an unsuitable soils claim, a pond design claim, a subcontractor claim, and "Miscellaneous Claims." The claim was certified in accordance with the CDA, 41 U.S.C. § 7103(b). (Gov't opp'n, tab 1) SPJV delivered its claim to the CO on 28 February 2014 (pet. at 1).

3. By letter dated 29 April 2014, 60 days after receipt of SPJV's claim, the CO informed SPJV that the original CO was no longer with the agency and that she would issue a decision on the claim on or before 31 October 2014 (gov't opp'n, tab 2).

4. Pursuant to Board Rule 1(e), SPJV petitioned the Board, by letter dated 14 May 2014, requesting an order directing the CO to issue a decision on its claim no later than 4 August 2014.

## DECISION

Under the CDA, within 60 days of receipt of a certified claim over $100,000, a CO must either issue a decision on the claim or notify the contractor of the time within which a decision will be issued. 41 U.S.C. § 7103(f)(2). In this instance, the CO notified SPJV, within 60 days of receipt of SPJV's claim, that she would issue a decision on or before 31 October 2014 (SOF ¶ 3). However, the CDA further requires that the CO issue a decision on a claim within a reasonable time, "taking into account such factors as the size and complexity of the claim and the adequacy of information in support of the claim provided by the contractor." 41 U.S.C. § 7103(f)(3).

The CDA provides that a contractor "may request the tribunal concerned to direct a contracting officer to issue a decision in a specified period of time, as determined by the tribunal concerned, in the event of undue delay on the part of the contracting officer." 41 U.S.C. § 7103(f)(4). Board Rule 1(e) implements this section of the CDA, providing that "[i]n lieu of filing a notice of appeal under (b) or (c) of this Rule, the contractor may request the Board to direct the contracting officer to issue a decision in a specified period of time, as determined by the Board, in the event of undue delay on the part of the contracting officer."

Here, SPJV objects to the 31 October 2014 date established by the CO for issuing her decision as being unreasonable and claims undue delay (pet. at 1-2). Petitioner instead seeks a decision on its claim by 4 August 2014 (pet. at 1). SPJV does not explain why the 31 October 2014 date is unreasonable. Rather, petitioner merely states that "[f]ive months is a more than adequate time to render a decision on a $1.2 million [claim]" (pet. at 2).[1]

Whether the date established by the CO for the issuance of a decision is reasonable is determined on a case-by-case basis. *Pub. Warehousing Co., K.S.C.*, ASBCA No. 56888, 09-2 BCA ¶ 34,265 at 169,307. The government maintains that eight months (from its 28 February 2014 receipt of petitioner's claim until 31 October 2014) is a reasonable period of time in which to issue a decision. The government notes that SPJV's claim letter identifies eight main sub-issues, that SPJV provided three binders of

---

[1] Petitioner's claim, however, is approximately $1.9 million, not $1.2 million (SOF ¶ 2).

supporting documentation with its claim, and that the supporting documentation provided are not well organized (gov't opp'n at 1-3). The government further maintains that the CO must review 9 boxes of documents, 3 years worth of correspondence, 125 Requests for Information and responses thereto, and over 1,900 pages of quality control and quality assurance reports (gov't resp. to 10 June 2014 Order at 2). The government also avers that the field personnel familiar with the contract are no longer with the agency and are thus unavailable to assist the CO in her review (gov't opp'n at 3). Although petitioner disagrees with the government's characterization of its claim as disorganized (pet. reply at 1), SPJV does not otherwise deny or contest the government's assertions. Under these circumstances, we conclude that the 31 October 2014 date for issuance of the CO's decision is reasonable. *See Eaton Contract Servs., Inc.*, ASBCA Nos. 52686, 52796, 00-2 BCA ¶ 31,039 at 153,273 ("Given the volume of documentation provided by [the contractor] in support of its claim, number of claim issues and quantity of time needed to gather information as a result of relocation of personnel familiar with the claim, we conclude that eight months is a reasonable period of time in which to render a final decision."). Accordingly, SPJV's petition is denied.

Dated: 11 July 2014

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

PETER D. TING
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I concur

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59318-946, Petition of SoCo-Piedmont J.V., LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
